IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PAYSON PETROLEUM 3 WELL, LP | § | CASE NO. 17-40179 |
| | § | (Chapter 7) |
| DEBTOR | § | |

## OBJECTION TO PROOF OF CLAIM NO. 2 OF JEFFREY T. RICHARD

**30-Day Negative Notice – LBR 3007(b):**

**ATTENTION: YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.** **Accordingly, you should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not wish for the court to eliminate or change your claim, you must file a written response opposing the claim objection, explaining the factual and/or legal basis for that response.**

**No hearing will be conducted on this claim objection unless a written response in opposition is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading _WITHIN THIRTY (30) DAYS FROM THE DATE OF SERVICE_ listed in the certificate of service unless the court shortens or extends the time for filing such response. If no response in opposition is timely served and filed, this claim objection shall be deemed to be unopposed, and the court may enter an order sustaining the objection to your claim. If a response in opposition is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your response in opposition may be stricken. The court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Christopher J. Moser, Trustee ("Trustee") objects to Proof of Claim No. 2 filed by Jeffrey T. Richard as an unsecured claim in the amount of $100,000.00 as follows:

1. Jeffrey T. Richard filed Proof of Claim No. 2 as an unsecured claim in the amount of $100,000.00. A true and correct copy of the claim is attached hereto as Exhibit "A".

2. Trustee objects to the claim for the reason that the claim is improperly filed as a general unsecured claim as opposed to an equity interest. The attachment to the claim evidence the fact that the claimant invested $100,000.00 into the Debtor in exchange for a limited partnership interest in the Debtor. Holders of limited partnership interests in the Debtor are not owed money from the

1

Debtor and do not have a "claim" against the Debtor's bankruptcy estate. *See* 11 U.S.C. §501(a) (An equity security holder may file a proof of *interest*.)[1] (Emphasis added). In short, the claim is based upon an ownership interest and not based upon any liability arising from the ownership. Accordingly, the claim is misclassified since it does not qualify as a general unsecured claim.

3. Trustee requests that Claim No. 2 be disallowed as filed but reclassified as a limited partnership equity interest in the amount of $100,000.00 and that the claim be subordinated to allowed general unsecured claims pursuant to 11 U.S.C. §510(b).

**WHEREFORE, PREMISES CONSIDERED** Trustee prays that this Court enter an order disallowing the claim as a general unsecured claim and that Trustee be granted such other and further relief to which he may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas  75201-4240
(214) 880-1805 (Telephone)
(214) 871-2111 (Facsimile)
cmoser@qslwm.com (Email)

By: */s/ Christopher J. Moser*
     Christopher J. Moser

ATTORNEYS FOR TRUSTEE

---

[1] Section 501(a) of the Bankruptcy Code contemplates that equity security holders are to file proofs of their equity interest as opposed to proofs of claim, and will be classified and treated separately from unsecured, secured and priority creditors. *See* 11 U.S.C. §§1122(a) and 1129(b)(2) which each require different treatment for interests compared with secured and unsecured claims.

2

### TRUSTEE'S DECLARATION UNDER LOCAL BANKRUPTCY RULE 3007(a)(2)

I, Christopher J. Moser, the Chapter 7 Trustee in the above case, hereby declare under penalty of perjury that I have read the foregoing Objection and that the factual allegations made in such Objection are true and correct to the best of my knowledge, information and belief.

Date: May 29, 2018          */s/ Christopher J. Moser*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection has been served via first class mail, postage prepaid, on this 29th day of May, 2018, upon the following:

| | |
|---|---|
| Office of the U.S. Trustee<br>300 Plaza Tower<br>110 North College Avenue<br>Tyler, Texas 75702 | Jeffrey T. Richard<br>4220 Bluff Point Court<br>Hazel Green, Wi. 53811 |
| Payson Petroleum 3 Well, LP<br>2652 FM 407 E., Suite 250<br>Bartonville, TX 76226 | Daniel P. Winikka, Esq.<br>Loewinsohn Flegle Deary Simon, LLP<br>12377 Merit Drive, Suite 900<br>Dallas, TX 75251 |
| Payson Petroleum 3 Well, LP<br>1757 Harpsichord Way<br>Henderson, NV 89012 | Keith William Harvey, Esq.<br>6510 Abrams Road, Suite 280<br>Dallas, TX 75231 |

 */s/ Christopher J. Moser*