IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PAYSON PETROLEUM 3 WELL, LP | § | CASE NO. 17-40179 |
| | § | (Chapter 7) |
| DEBTOR | § | |

**FINAL APPLICATION FOR ALLOWANCE**
**OF FEES AND EXPENSES OF TRUSTEE'S COUNSEL**

**Notice**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for such objection.**

**No hearing will be conducted on this fee application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading <u>*WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE*</u> listed in the certificate of service unless the court shortens or extends the time for filing such response. If no objection to the fee application is timely served and filed, the fee application shall be deemed to be unopposed, and the court may enter an order approving the fee application. If an objection to the fee application is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Quilling, Selander, Lownds, Winslett & Moser, P.C. ("Applicant or QSLWM") counsel to Christopher J. Moser, Chapter 7 Trustee ("Trustee") files its Final Application for Allowance of Fees and Expenses ("Application") as follows:

**Employment and Prior Compensation**

1.      On January 31, 2017, Payson Petroleum 3 Well, LP ("Debtor") filed with this Court a voluntary petition under Chapter 7 of the Bankruptcy Code. Christopher J. Moser was thereafter

1

appointed interim trustee of the estate, subsequently qualified and is now the acting Chapter 7 Trustee of the Debtors' bankruptcy estate.

2. On February 13, 2018, Trustee filed an Application to Employ Quilling, Selander, Lownds, Winslett & Moser, P.C. ("QSLWM") as Counsel for the Trustee. On March 6, 2018, this Court entered an order approving the employment of QSLWM as Trustee's counsel.

### Case Status

3. The Trustee is currently holding approximately $93,200.00 of cash in the estate. These funds were derived from a settlement with Jason Searcy, Chapter 11 Trustee for Payson Petroleum, Inc. (the "Payson Trustee").

4. The Trustee is in a position to close the case and to make distributions to unsecured creditors and to the Payson Trustee on his subordinated unsecured claim.

5. The Trustee has concluded the claims review process and resolved all claim objections.

### Attorney's Fees and Expenses

6. From March 29, 2017 through September 20, 2018, the Trustee has incurred attorney's fees in the amount of $10,637.25 and expenses in the amount of $320.08 with respect to QSLWM's representation. The total fees and expenses incurred by QSLWM during this time period is $10,957.33. However, in order to maximize the return to creditors QSLWM is only seeking approval of final fees and expenses in the total amount of $9,000.00.

7. Exhibit "A", which is attached hereto and incorporated herein by reference for all purposes, conveys the following information for the time period of February 29, 2017 through September 20, 2018: (a) the number of hours worked by each attorney and staff member on a particular day, (b) the manner and type of work performed by each attorney and staff member, (c) the

2

customary billing rate for each person rendering service in this matter, and (d) the monetary value assigned to each task performed by a given attorney and/or staff member. In connection with the expenses of QSLWM, copying is charged at $0.10 per page, computer research is charged at the provider's cost, facsimiles are only charged for the long distance charges attendant thereto, and other long distance charges include only actual long-distance carrier charges. With respect to the fees and expenses set forth on Exhibit "A", QSLWM requests approval and allowance on a final basis of the amount of $9,000.00 representing the reasonable fees and expenses incurred in representing the Trustee during the time period of February 29, 2017 through September 20, 2018.

8. The blended hourly rate for the legal services of QSLWM is $293.42 per hour, after taking into account the voluntary fee reduction.

### **First Colonial Factors**

9. In support of this request for allowance of compensation and reimbursement of expenses, QSLWM respectfully directs this Court's attention to those factors generally considered by Bankruptcy Courts in awarding compensation to professionals for services performed in connection with the administration of a debtor's estate, as enumerated in Section 330 of the Bankruptcy Code and developed by case law. Specifically, Section 330 provides, *inter alia,* that the allowance of professional compensation should be based upon the time, nature, extent and value of the services rendered as well as consideration of the cost of comparable services rendered in a non-bankruptcy context. The controlling authority in the Fifth Circuit is *Matter of First Colonial Corporation of America*, 544 F.2d 1291 (5th Cir. 1977). *First Colonial, supra,* identified twelve (12) factors which should govern this Court's decision. Those factors as applied to the services rendered in this case by QSC&L are addressed below.

    (a) <u>The Time and Labor Required</u>. QSLWM respectfully refers the

Court's attention to <u>Exhibit "A"</u> which details the involvement of QSLWM's attorneys in this case since March 29, 2017. The period covered by this Application spans more than one year wherein a total of 29.6 hours of attorney and paralegal time has been expended at a blended hourly rate of $293.42, after taking into account the voluntary fee reduction. QSLWM believes that all of the services performed are compensable in that they represent actual and necessary services performed in representing the Trustee in this case.

(b)    <u>The Novelty and Difficulty of the Questions</u>. Many of the tasks reflected in <u>Exhibit "A"</u> involved factual and legal questions which were of moderate difficulty. The legal issues were of normal difficulty.

(c)    <u>The Skill Requisite to Perform the Service</u>. QSLWM believes that a practitioner unfamiliar with bankruptcy law would have been required to spend considerably more hours than QSLWM's attorneys and professional staff to perform the same tasks.

(d)    <u>The Preclusion of Other Employment Due to Acceptance of the Case</u>. QSLWM has not declined any representation solely because of its service as counsel for the Trustee in this case.

(e)    <u>The Customary Fee</u>. The hourly rates sought herein are commensurate with the rates charged and approved in other bankruptcy proceedings pending in the Eastern District of Texas. The hourly rate charged by the attorneys and paraprofessionals of QSLWM who worked on this case is as follows:

| <u>Name</u> | <u>Position</u> | <u>Rate/Hour</u>* |
|---|---|---|
| Christopher Moser | Attorney | $375.00 |

*Rate prior to voluntary fee reduction

(f) <u>Whether the Fee is Fixed or Contingent</u>. QSLWM's fee is fixed insofar as monies exist in the estate from which to pay such fees. At the time QSLWM was employed in this

4

case, the Debtor's bankruptcy estate had no cash to pay for attorneys' fees and expenses. Thus, QSLWM could only be guaranteed compensation for its services and reimbursement for its expenses if QSLWM's services resulted in the creation of an estate.

      (g)  <u>Time Limitations Imposed by the Client or Other Circumstances</u>. The time requirements of this case have been moderate. Since retention of QSLWM by the Trustee, QSLWM has seldom been required to devote a large portion of attorney time to the matters relating to the case.

      (h)  <u>The Amount Involved and the Results Obtained</u>. The Trustee, with the assistance of QSLWM, resolved various investor claims against the estate. Additionally, the Trustee, with the assistance of QSLWM assisted the Payson Trustee in obtaining approval of a sale and settlement agreement which resulted in the funding of a majority of the funds currently in the bankruptcy estate. Finally, as a result of the sale and settlement, the Trustee, with the assistance of QSLWM insured that claimants who were paid from the Payson Trustee sale withdrew their duplicate claims against the bankruptcy estate. As a result of the Trustee's efforts and QSLWM's efforts, creditors will receive a meaningful distribution.

      (i)  <u>The Experience, Reputation and Ability of the Attorneys</u>. QSLWM has ten attorneys who specialize exclusively in the practice of bankruptcy law. The practice of those attorneys regularly includes the representation of debtors, secured creditors, unsecured creditors, trustees and creditors' committees. The reputation of QSLWM's bankruptcy attorneys is recognized and respected in the community. In that regard, Mr. Quilling is Board Certified by the Texas Board of Legal Specialization in the areas of Business Bankruptcy Law and Civil Trial Law. Mr. Moser is Board Certified by the Texas Board of Legal Specialization in the areas of Business Bankruptcy Law and Consumer Bankruptcy Law. Mr. Hill is Board Certified by the Texas Board of Legal Specialization in Business Bankruptcy Law. Mr. Stanford is Board Certified by the Texas Board of

Legal Specialization in Business Bankruptcy Law. Hudson Jobe is Board Certified by the Texas Board of Legal Specialization in Business Bankruptcy Law. Tim York is Board Certified by the Texas Board of Legal Specialization in Business Bankruptcy Law.

    (j)  <u>The Undesirability of the Case</u>.  The representation of the Trustee incident to this case has not been undesirable other than the normal delays and risks associated with payment of legal fees by a Trustee in a Chapter 7 case.

    (k)  <u>The Nature and Length of the Professional Relationship with the Client</u>. QSLWM did not represent the Trustee in these proceedings prior to being retained as counsel.

    (l)  <u>Award in Similar Cases</u>.  QSLWM believes that the fees requested in this case are less than or equal to those which have been awarded in similar cases pending in this District.

**WHEREFORE, PREMISES CONSIDERED**, QSLWM requests that this Court award QSLWM $9,000.00, that this Court authorize payment of the amount of $9,000.00 to QSLWM and that QSLWM be granted such other and further relief, general or special, at law or in equity, to which QSLWM may show itself justly entitled.

          Respectfully submitted,

          QUILLING, SELANDER, LOWNDS,
          WINSLETT & MOSER, P.C.
          2001 Bryan Street, Suite 1800
          Dallas, Texas 75201-4240
          (214) 880-1805 (Telephone)
          (214) 871-2111 (Facsimile)
          cmoser@qslwm.com (Email)

          By: */s/ Christopher J. Moser*
            Christopher J. Moser

          ATTORNEYS FOR TRUSTEE

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been served via regular U.S. mail, postage prepaid, on this 27th day of September, 2018 upon the following:

Office of the U.S. Trustee
110 N. College Ave., Suite 300
Tyler, TX  75702

                */s/ Christopher J. Moser*